# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRI L. RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-078-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The claimant Terri L. Richardson requests judicial review pursuant to 42 U.S.C. §

405(g) of the decision of the Commissioner of the Social Security Administration

("Commissioner") denying her application for benefits under the Social Security Act. The

claimant appeals the decision of the Commissioner and asserts that the Administrative Law

Judge erred in determining she was not disabled. For the reasons discussed below, the

Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

Act "only if his physical or mental impairment or impairments are of such severity that he

is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step

sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C.

§ 405(g).  This Court's review is limited to two inquiries: first, whether the decision was

supported by substantial evidence; and, second, whether the correct legal standards were

applied.  *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted].  The

term substantial evidence has been interpreted by the United States Supreme Court to require

"'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401

(1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  The Court

may not reweigh the evidence nor substitute its discretion for that of the agency.  *Casias v.*

*Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless,

the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1]     Step one requires the claimant to establish she is not engaged in substantial gainful
activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires the claimant to establish
she has a medically severe impairment (or combination of impairments) that significantly limits her
ability to do basic work activities.  *Id*. §§ 404.1521, 416.921.  If the claimant is engaged in
substantial gainful activity, or if her impairment is not medically severe, disability benefits are
denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20
C.F.R. pt. 404, subpt. P, app. 1.  If the claimant suffers from a listed impairment (or impairments
"medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise,
the evaluation proceeds to step four, where the claimant must establish that she lacks the residual
functional capacity (RFC) to return to her past relevant work.  The burden then shifts to the
Commissioner to establish at step five that there is work the claimant can perform existing in
significant numbers in the national economy, taking into account her age, education, work
experience and RFC.  Disability benefits are denied if the Commissioner shows that the claimant's
impairment does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748,
750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 8, 1961, and was forty-five years old at the time of the administrative hearing. She has a high school education and previously worked as a truck driver, machine operator/tender, and laundry worker. The claimant alleges she has been unable to work since February 23, 2004, because of pain in her legs, diabetes, learning disorder, anxiety, depression and uterine cancer.

## Procedural History

On August 10, 2004, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied. ALJ Mack H. Cherry conducted a hearing and determined the claimant was not disabled on September 7, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, that she could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour workday; and sit for six hours in an eight-hour workday. The claimant could only occasionally bend, stoop, crouch and kneel, never crawl

or climb, and was to avoid work around extremes of temperature and dangerous hazards including moving machinery and unprotected heights. Her mental restrictions included moderate limitations in the ability to understand, remember and carry out detailed instructions and in maintaining attention and concentration for extended periods of time (Tr. 24). The ALJ concluded that the claimant was not disabled because she could perform her past relevant work as a machine tender (Tr. 27).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly analyze the opinion of a treating source; and, (ii) by failing to properly address the opinion of her counselor. The Court finds the first contention persuasive.

The record reveals that the claimant received treatment from the Carl Albert Indian Hospital from December 2004 through June 2006. In December 2004, the claimant's medications were refilled and she was noted to have diabetes mellitus (Tr. 571). Her foot screen was completed with good results (Tr. 567-68). The claimant complained of left arm pain from the elbow to the fingers without any trauma to the arm in January 2005. Her range of motion was full and hand grip remained strong. She was prescribed Flexeril for muscle spasm and Ultram for severe pain, and it was suggested she wear a hand splint (Tr. 564). Her ability to exercise was noted to be limited because of a pinched nerve (Tr. 563). The claimant continued to receive treatment for her diabetes through March 2005, and in April 2005, she complained of pain from her neck to her feet (Tr. 556). At a later April 2005 appointment, the claimant indicated that she had pain in both legs and back and had been suffering it since a motor vehicle accident approximately fourteen months before. Upon

examination, the claimant was noted to have tenderness and muscle spasm along the upper spine and lower lumbar spine and upper sacrum. She was assessed with chronic back pain with severe muscle spasms along the back (Tr. 554). The claimant continued to receive treatment through June 2006 (Tr. 531-552).

In September 2006, a physical capacities evaluation was completed by the claimant's treating sources at the Carl Albert Indian Hospital. It was determined that the claimant could sit for less than one or two hours at one time and a total of two hours in an eight-hour day and stand/walk for less than one hour at a time and for a total of two hours in an eight-hour day. She could use her hands for simple grasping, pushing and pulling, and fine manipulation and use her feet for operating foot controls. The claimant could never lift twenty pounds or more, could rarely lift ten to nineteen pounds, could occasionally lift five to nine pounds, and could frequently lift zero to four pounds. She could never carry ten pounds or more, could rarely carry five to nine pounds, and could frequently carry zero to four pounds. She could rarely crawl, occasionally bend, and frequently reach above shoulder level but never squat or climb. The claimant was found to have severe restrictions for working around unprotected heights, being around moving machinery, and driving automotive equipment and moderate restrictions for exposure to marked changes in temperature and humidity and to dust, fumes and gases. The claimant's lower back pain was noted to be "moderately severe" in affecting her ability to function (Tr. 588-89).

The ALJ discussed the findings made on the physical capacities evaluation submitted from the Carl Albert Indian Hospital. He failed, however, to articulate the specific weight, if any, he attributed to some of the functional limitations included in the evaluation. *See*,

*e.g.*, *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate

*every* medical opinion in the record, although the weight given each opinion will vary

according to the relationship between the disability claimant and the medical professional .

. . . An ALJ must also consider a series of specific factors in determining what weight to give

*any* medical opinion.") [internal citation omitted] [emphasis added], *citing Goatcher v.*

*United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995).[2]

The evaluation was clearly more restrictive than the physical limitations the ALJ included

in the RFC determination, so the ALJ was required to explain why the limitations were not

adopted.  *See, e. g., Ramirez v. Astrue*, 255 Fed. Appx. 327, 332 (10th Cir. 2007) ("'[T]he

RFC assessment must always consider and address medical source opinions.  *If the RFC*

*assessment conflicts with an opinion from a medical source, the adjudicator must explain*

*why the opinion was not adopted*.'") [unpublished opinion], *quoting* Soc. Sec. Rul. 96-8p,

1996 WL 374184, at *7 [emphasis added].

_____

[2]   It is somewhat unclear exactly who completed the form and whether it was entitled to
analysis under the treating physician rule. If the ALJ has questions, he should recontact the Carl
Albert Indian Hospital. *See* 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) ("We will seek additional
evidence or clarification from your medical source when the report from your medical source
contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary
information, or does not appear to be based on medically acceptable clinical and laboratory
diagnostic techniques.").  In any event, no matter who completed the evaluation, the ALJ should
have considered the specific factors set forth in 20 C.F.R §§ 404.1527, 416.927:  (i) the length of
the treatment relationship and the frequency of examination; (ii) the nature and extent of the
treatment relationship, including the treatment provided and the kind of examination or testing
performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv)
consistency between the opinion and the record as a whole; (v) whether or not the physician is a
specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's
attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297,
1300-01 (10th Cir. 2003) [quotation marks omitted], *citing Drapeau v. Massanari*, 255 F.3d 1211,
1213 (10th Cir. 2001).  He wholly failed to do this in any capacity.

Because the Court cannot speculate on the ALJ's conclusions, the ALJ must make clear his intentions in the decision. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). *See also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted]. Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis of the physical capacities evaluation from the Carl Albert Indian Hospital. If the ALJ subsequently determines that additional limitations should be included in the claimant's RFC, he should then redetermine what work, if any, the claimant can perform and ultimately whether she is disabled.

### Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED** this 24th day of March, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**